## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) BROADCAST MUSIC, INC.,<br>(2) COTILLION MUSIC, INC.,<br>(3) TERRY STAFFORD MUSIC CO.,<br>(4) SONY/ATV SONGS LLC d/b/a<br>SONY/ATV TREE PUBLISHING,<br>(5) SONGS OF UNIVERSAL, INC.,<br>(6) BENEFIT MUSIC,<br>(7) UNCLE PETE MUSIC,<br>(8) UNICHAPPELL MUSIC, INC.,<br>(9) TOKECO TUNES,<br>(10) BIG YELLOW DOG, LLC d/b/a BIG<br>YELLOW DOG MUSIC,<br>(11) FUTURE STARS PUBLISHING CO.,<br>(12) WARNER-TAMERLANE<br>PUBLISHING CORP.,<br>(13) 3JB MUSIC, and<br>(14) FRESH BAKED COOKIES,<br><br>Plaintiffs,<br><br>v.<br><br>(15) OKC JOSEPH INVESTMENTS, LLC<br>d/b/a BILTMORE HOTEL<br>OKLAHOMA; and<br>(16) JOSHUA JOSEPH, individually,<br><br>Defendants. | Case No. CIV-16-1193-W |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1.    This is a suit for copyright infringement under the United States Copyright

Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq*. (the "Copyright Act").  This Court

has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and

existing under the laws of the State of New York.  BMI's principal place of business is 7

World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been

granted the right to license the public performance rights in approximately 10.5 million

copyrighted musical compositions (the "BMI Repertoire"), including those which are

alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical

compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to

Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff Cotillion Music, Inc. is a corporation.  This Plaintiff is the copyright

owner of at least one of the songs in this matter.

6.      Plaintiff Terry Stafford Music Co. is a sole proprietorship owned by Nancy

Hall Stafford.  This Plaintiff is the copyright owner of at least one of the songs in this

matter.

7.      Plaintiff Sony/ATV Songs LLC is limited liability company doing business as

Sony/ATV Tree Publishing.  This Plaintiff is the copyright owner of at least one of the

songs in this matter.

8.     Plaintiff Songs of Universal, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.     Plaintiff Benefit Music is a sole proprietorship owned by Vincent Grant Gill. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.     Plaintiff Uncle Pete Music is a sole proprietorship owned by Peter A. Wasner. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.     Plaintiff Unichappell Music Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.     Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13.     Plaintiff Big Yellow Dog LLC is a limited liability company doing business as Big Yellow Dog Music.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

14.     Plaintiff Future Stars Publishing Co. is a sole proprietorship owned by Clarence Carter.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

15.     Plaintiff Warner-Tamerlane Publishing Corp is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

16.     Plaintiff 3JB Music is a sole proprietorship owned by John Joseph Bulford, III.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

17.     Plaintiff Fresh Baked Cookies is a sole proprietorship owned by Patrick Jason

Matthews.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

18.     Defendant OKC Joseph Investments, LLC is a limited liability company organized and existing under the laws of the state of Oklahoma, which operates, maintains and controls an establishment known as Biltmore Hotel Oklahoma, located at 401 S. Meridian Ave, Oklahoma City, Oklahoma 73108, in this district (the "Establishment").

19.     In connection with the operation of the Establishment, Defendant OKC Joseph Investments, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

20.     Defendant OKC Joseph Investments, LLC has a direct financial interest in the Establishment.

21.     Defendant Joshua Joseph is a manager and member of Defendant OKC Joseph Investments, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

22.     Defendant Joshua Joseph has the right and ability to supervise the activities of Defendant OKC Joseph Investments, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

23.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 22.

24.     Since February 2014, BMI has reached out to Defendants over seventy (70) times, by phone, mail and email, in an effort to educate Defendants as to their obligations

4

under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire.   Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

25.   Plaintiffs allege eight (8) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.   All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.   Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

26.   Annexed to this Complaint is a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.   The Schedule contains information on the eight (8) claims of copyright infringement at issue in this action.   Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the

Establishment where the infringement occurred.

27.    For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

28.    For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

29.    For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

30.    For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

31.    The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.   Unless this Court restrains Defendants from committing further

acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray that:

(I)  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

_____
Elizabeth R. Sharrock, OBA No. 16,934
Jacqueline M. McCormick, OBA No. 31,640
PIERCE, COUCH, HENDRICKSON,
 BAYSINGER & GREEN, L.L.P.
1109 North Francis
Oklahoma City, OK  73106
Telephone:  (405) 235-1611
Facsimile:  (405) 235-2904
esharrock@piercecouch.com
jmccormick@piercecouch.com
***Counsel for Plaintiffs***
**JURY TRIAL DEMANDED**